IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REBECCA MORGAN**                                                                                       **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 1:20-cv-306-TBM-JCG**

**DEBRA GILLEY, DAVID BURKE,**
**and LORRIE BOWEN**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The pro se Plaintiff, Rebecca Ann Morgan, allegedly suffers from a low vision disability and is legally blind. Ms. Morgan was employed by the United States Department of Veterans Affairs at the Blind Rehabilitation Center. On April 9, 2020, Morgan filed her Complaint [1] in the United States District Court for the Northern District of Mississippi for violation of her civil rights under 42 U.S.C. § 1983, alleging that she was discriminated against due to her disability while employed by the United States Department of Veterans Affairs. Specifically, Morgan alleges that three of her supervisors, Debra Gilley, David Burke, and Lorrie Bowen, forced her to work in a darkened office and refused to make reasonable accommodations for her disability. In addition to being discriminated against based on her disability, Morgan claims she was wrongfully terminated as retaliation for filing an Equal Employment Opportunity claim.

Concluding that the proper defendant in this action is the Secretary of the United States Department of Veterans Affairs, the Court finds that the individual defendants are dismissed. However, the case will remain open, and the Court will allow Morgan thirty days to amend her Complaint to name the proper Defendant. As a former federal employee, Morgan's claims fall under the Rehabilitation Act of 1973, and any claims made under the Americans with Disabilities

Act are dismissed. Morgan will also be allowed to more clearly state her claim under the Rehabilitation Act in the Amended Complaint. Defendants' Motion to Dismiss is denied without prejudice as to its relation back and service of process arguments.

## PROCEDURAL HISTORY

On June 16, 2020, Defendants filed a Motion [13] to Dismiss for improper venue and for failing to name Robert Wilkie, Secretary of the United States Department of Veterans Affairs, as the Defendant. Morgan filed a Motion [17] to Amend her Complaint on July 8, 2020, seeking to name Robert Wilkie as the proper defendant. On July 28, 2020, Morgan filed a Motion [22] to Transfer this case to the proper venue. In a new Motion [24] to Amend Complaint filed on August 3, 2020, Morgan again requested to add Robert Wilkie as a Defendant and attached a copy of the proposed Amended Complaint. The United States District Court for the Northern District of Mississippi entered an Order [27] granting Morgan's Motion to Change Venue on September 29, 2020, and the matter was transferred to this Court, the United States District Court for the Southern District of Mississippi. Morgan's Motions ([17] and [24]) to Amend and Defendants' Motion [13] to Dismiss were terminated when the matter was transferred to a new venue.

On October 26, 2020, Morgan filed another Motion [32] to Amend in this Court, seeking to name Robert Wilkie as a Defendant.[1] On November 4, 2020, the Court entered an Order [37] directing the parties to refile any Motions that were filed prior to the change of venue that had not yet been addressed. Defendants filed a renewed Motion [38] to Dismiss on November 25, 2020.

Also before the Court are Morgan's Motion [43] to Submit Documents into Evidence filed on December 9, 2020, and Motion [45] to Enter Facts of Case to Oppose Defendant's Motion to

---

[1] Morgan did not attach a proposed Amended Complaint to this Motion to Amend.

Dismiss filed on December 11, 2020.[2] This case was reassigned to the undersigned on December 18, 2020. Finally, on January 12, 2021, Defendants filed a Motion [54] to Strike Morgan's Response [52] in Opposition to Defendants' Motion to Dismiss.

## DISCUSSION

The Court will address Morgan's Motion [32] to Amend and the Defendants' Motion [38] to Dismiss together, as the issues and arguments overlap. Morgan asserts that she was discriminated against because of her disability. Defendants argue that any claims made by Morgan under the Americans with Disabilities Act (ADA) must be dismissed since the Rehabilitation Act provides the sole avenue for relief for federal employees who complain of disability discrimination. Defendants further argue that Morgan's claims must be dismissed for failure to name the Secretary of Veterans Affairs as the proper party defendant. Additionally, Defendants argue that Morgan cannot rely on the relation back of amendments because there was no mistake concerning the proper party's identity. Finally, Defendants assert that Morgan's claims must be dismissed for failure to perfect service of process on the proper defendant.

## ADA/Section 504 Claims

"[T]he ADA is not intended to provide redress for allegedly discriminatory acts by government agencies. Such relief is provided through other channels, such as Title VII and the Rehabilitation Act." *Caesar v. Brown*, 103 F.3d 124, 1996 WL 731359, at *1 (5th Cir. 1996) (affirming dismissal of a federal employee's discrimination claims under the ADA against the Secretary of Veterans Affairs). Therefore, the Defendants correctly state that, as a former federal employee, Morgan's claims fall under Section 504 of the Rehabilitation Act of 1973, instead of the

---

[2] On the same day, December 11, 2020, Morgan filed her Response [46] to Defendants' Renewed Motion [38] to Dismiss.

3

ADA. The substantive protections of these two acts are the same. *Cavada v. McHugh*, 589 F. App'x 717, 718 n.3 (5th Cir. 2014) (citing *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)); s*ee Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) ("Jurisprudence interpreting either section is applicable to both.").

The Court finds that Morgan's claims fall under the Rehabilitation Act, and to the extent that she seeks to make claims under the ADA, these claims are dismissed.

### **Proper Party Defendant**

The Defendants are also correct that the proper defendant for claims arising under the Rehabilitation Act is the head of the relevant department, agency, or unit. "Under Title VII and the Rehabilitation Act the proper defendant is 'the head of the department, agency, or unit, as appropriate.'" *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting 42 USC § 2000e-16); *see* 29 U.S.C. § 794a(a)(1). In *Honeycutt*, the Fifth Circuit upheld the dismissal of claims against the Commander of the Army and Air Force Exchange Service since the proper defendant under the statute was the Secretary of Defense, who was the "head of the relevant department, agency, or unit" at issue (the Department of Defense). *Honeycutt*, 861 F.2d at 1352; *see Hay v. Thaler*, 470 F. App'x 411, 417 n.19 (5th Cir. 2012) (upholding district court's dismissal of Rehabilitation Act claims against defendants in their individual capacities).

Since the Secretary of the Department of Veterans Affairs is the only proper defendant to claims under the Rehabilitation Act, Morgan's claims against the individual defendants are dismissed. *See Jackson v. Wilkie*, No. 4:19-cv-00721-SDJ-CAN, 2020 WL 4912916, at * 8 (E.D. Tex. July 21, 2020) (dismissing plaintiff's Rehabilitation Act claims against individual defendants

as the proper defendant is the Secretary of the Department of Veterans Affairs in his official capacity).

## Motion to Amend

The Court finds that Morgan's Motion [32] to Amend is granted to the extent that she is allowed thirty days to file an Amended Complaint naming the proper party defendant, the Secretary of the Department of Veterans Affairs. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (granting dismissal of individual defendants in Freedom of Information Act action where Agency/Employer was the only proper defendant and remanding case to district court to allow pro se plaintiff the opportunity to amend and name the agency as defendant).

Additionally, Morgan may amend her complaint to clearly state her claim under the Rehabilitation Act. In order to state a claim for relief under the Rehabilitation Act against the Secretary of the Department of Veterans Affairs, Morgan must allege: "(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has . . . been denied benefits from, or otherwise been subject to discrimination under such program or activity." *Hay v. Thaler*, 470 F. App'x 411, 417-18 (5th Cir. 2012) (quoting *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004)).

## Relation Back under Rule 15(c)

Defendants assert that Morgan may not amend her Complaint to add the proper defendant because such an amendment would not relate back to the date of her original Complaint pursuant to FED. R. CIV. P. 15(c). The Court will not address the relation back argument at this time, but

5

finds that this argument has been preserved and that the proper defendant may re-raise this argument after Morgan complies with this Order. While the Court will not rule on the relation back argument, it will make some observations in the event this argument is raised in the future by the proper party defendant.

> Rule 15(c)(1)(C) provides:
>
> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c). "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside of the applicable statute of limitations." *Krupski v. Costa Crociere S.p.A*, 560 U.S. 538, 541, 130 S. Ct. 2485, 117 L. Ed. 2d 48 (2010).

Since Rule 15(c) only applies where an amended pleading is filed outside of the statute of limitations, the proper party defendant is advised to provide clarity on this issue, in the event it is re-raised in the future. In their brief, it is unclear how the Defendants are specifically asserting that Morgan would be filing an Amended Complaint outside of the statute of limitations, stating "Plaintiff filed her civil action pursuant to 29 C.F.R. § 1614.407(b) after her complaint of discrimination had been pending more than 180 days, and when a final action had not been taken. (Dkt. 9). The Plaintiff filed her formal complaint on January 4, 2019, after more than 180 days had passed. (Dkt. 1)." [39] at pg. 2. The Court finds no mention of this January 4, 2019, date in the

Complaint [1], as referenced by the Defendants. Likewise, it is unclear what "complaint" the Defendants are referencing with regard to the January 4, 2019, date. While the Defendants may be referring to the EEOC complaint, this is not clear and not specified in the record. The Court notes that Morgan filed her Complaint [1] in this action on April 9, 2020. Morgan's first attempt to amend her complaint to add the proper defendant was on July 8, 2020. This Motion [17] to Amend was filed twenty-two (22) days after Defendants' initial Motion [13] to Dismiss on June 16, 2020, in which Defendants first raised the issue of improper defendants. Since that time, this case was transferred from the Northern District of Mississippi to the Southern District of Mississippi. Additionally, this case was reassigned to the undersigned after it was transferred to this district. Morgan, acting pro se, filed two more Motions ([24] and [32]) to Amend, seeking to correct the issue of improperly named defendants. If the relation back argument is raised in the future, the Court advises that the proper party defendant clearly states the reason Rule 15(c) is either applicable or inapplicable and why.

The Court notes that the Defendants rely on *Honeycutt v. Long*, 861 F.2d 1346 (5th Cir. 1988) in support of their relation back argument. The Court also notes that there are some distinguishments between *Honeycutt* and the facts of this case. Additionally, other courts have found amendments appropriate in factually similar cases. *See Jackson v. Kotter* 541 F.3d 688, 697 (7th Cir. 2008) (finding relation back of amendment to the date of the original complaint in FTCA action where the United States is the only proper defendant); *Barsten v. Dep't of Interior*, 896 F.2d 422, 423-24 (9th Cir. 1990) (remanding case to allow amendment where allegations of complaint indicated proper defendant and no prejudice was shown); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (dismissing individual defendants in Freedom of Information Act action and giving

7

plaintiff the opportunity to amend to name the proper defendant); *Deaton v. Plowman*, 1996 WL 33370667, at *4, No. 192CV027SD (N.D. Miss. Mar. 31, 1996) (denying dismissal of Rehabilitation Act claims and allowing amendment to name the proper party); *Benson v. Univ. of Maine Sys.*, 857 F. Supp. 2d 171, 179-80 (D. Me. 2012) (allowing otherwise time-barred amendment to relate back to filing of original complaint where proper defendant knew or should have known he would have been named, but for the plaintiff's error).

In *Honeycutt*, the plaintiff did not name the proper party, the Secretary of Defense, in her underlying EEOC action. *Honeycutt*, 861 F.2d at 1349. The *Honeycutt* court found that the plaintiff could not benefit from Rule 15(c) unless she proved "some kind of notice to the Secretary of Defense" which would prevent prejudice. *Honeycutt*, 861 F.2d at 1350. In this case, Morgan attached a document from her underlying EEOC charge to her original Complaint. [1-1] at pg. 4. In the style of that document, "Robert Wilkie, Secretary of the U.S. Department of Veteran Affairs" is clearly identified as a party to the EEOC complaint. Also included in that same document [1-1] is a copy of an email exchange between Morgan and other individuals involved in her EEOC complaint where numerous references are made to the filing of a Complaint in U.S. District Court. [1-1] at 2-3. Additionally, the caption of the original Complaint [1] lists the U.S. Department of Veterans Affairs as one of several defendants.[3] Finally, in her motion [2] to proceed *in forma pauperis*, filed the same day as the Complaint, Morgan listed the U.S. Department of Veterans Affairs as the singular defendant.[4]

---

[3] Morgan, a pro se plaintiff, named several Defendants in her initial complaint including Debra Gilley, David Burke, Lorrie Bowen, Blind Rehabilitation Center, Gulf Coast Veterans Health Care System, and the U.S. Department of Veterans Affairs. [1].
[4] In its Order [4] granting her motion to proceed *in forma pauperis*, the Court ordered Morgan to file an Amended Complaint to clarify the defendants to her action. In her First Amended Complaint [8], Morgan listed Debra Gilley, David Burke, and Lorrie Bowen as Defendants.

8

Finally, the *Honeycutt* court relied heavily on, and was bound by, the Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986). "The holding in *Schiavone* was superseded by the 1991 amendments to Rule 15(c)." *Sanders-Burns v. City of Plano*, 591 F.3d 366, 373 n.7 (5th Cir. 2010). "Rule 15 was amended in 1991 to abrogate *Schiavone*, which held that the version of the rule then in force required notice to the defendant within the statute of limitations rather than the time for service of process." *Keller v. United States*, 444 F. App'x 909, 911 (7th Cir. 2011) (citation omitted). "The drafter's comments to the 1991 amendment make explicit that Rule 15(c) incorporates not only Rule 4(m)'s standard allowance" of ninety (90) days[5] for service of process, "but also any extension of time for good cause." *Keller*, 444 F. App'x at 911 (citing Fed. R. Civ. P. 15(c) Advisory Comm. Notes (1991 Amendment)).

In its most recent pronouncement on this issue, the Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness seeking to amend the pleading." *Krupski v. Costa Crociere S.p.A*, 560 U.S. 538, 541, 130 S. Ct. 2485, 117 L. Ed. 2d 48 (2010). With regard to the "notice" requirement, the Court rejected the respondent's argument that Rule 15(c) requires a plaintiff to move to amend her complaint or to file and serve an amended complaint within the Rule 4(m) period. *Krupski*, 560 U.S. 538, 554 n.5. "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Id*. "The Advisory Committee Notes to the 1966 Amendment clarify that 'the notice need not be formal.'" *Id*. (quoting Fed. R.

---

[5] The *Keller* case references a 120 day time period, under Rule 4(m). *Keller v. United States*, 444 F. App'x 909, 911 (7th Cir. 2011). Rule 4(m) was amended in 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days. Fed. R. Civ. P. 4(m) Advisory Comm. Notes (2015 Amendment).

9

CIV. P. 15(c) Advisory Comm. Notes (1966 Amendment)). The *Krupski* Court explained that its reading of Rule 15(c) is "consistent with the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Civil Rules of Civil Procedure in general and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550.

Accordingly, if this argument is raised again, then the proper party defendant should address the above issues.

## Service of Process

Finally, Defendants assert that Morgan has failed to perfect service of process on the proper defendant under the Federal Rules of Civil Procedure. The Court will not address the service of process argument at this time, but finds that this argument has been preserved and the proper party defendant may re-raise this argument after Morgan complies with this Order.

In addition to asserting that Morgan did not perfect service of process on the individual defendants pursuant to Rule 4(i),[6] the Defendants assert that time for service of process on a newly named defendant has also passed, pursuant to Rule 4(m). Federal Rule of Civil Procedure 4(m) provides the time limit for service as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action **without prejudice** against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

FED. R. CIV. P. 4(m) (emphasis added). If the proper party defendant re-raises this issue in the future, the Court advises that clarity is needed as to how Rule 4(m) prohibits Morgan from being

---

[6] This argument is moot since these defendants are dismissed from this action, pursuant to this Order.

10

allowed to serve a newly named Defendant, who was not a party in the original Complaint. *See Montgomery v. U. S. Postal Serv.*, 867 F.2d 900, 905 n.5 (5th Cir. 1989) (noting that interpreting Rule 4(m) to require service on "potentially proper parties not yet named [as] defendants" would effectively prohibit amendments adding parties).

Upon filing her Amended Complaint, in accordance with this Order, Morgan shall serve process in accordance with the Federal Rules of Civil Procedure. The Court notes that objections with regard to service of process have been preserved, and the proper party defendant may raise additional objections as the new defendant is served.

### Remaining Motions

On December 9, 2020, Morgan filed a Motion [43] to Submit Documents into Evidence. On December 11, 2020, she filed a Motion [45] to Enter Facts and Oppose Defendant's Motion to Dismiss.[7] Both of these motions are denied because they are not properly before the Court. Morgan, even though she is proceeding pro se, must still comply with the Federal Rules of Civil Procedure. *See Washington v. E. Baton Rouge Par. Sch. Sys.*, 471 F. App'x 306, 306 (5th Cir. 2012) (stating that "while we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules"); *Lambus v. Jackson State Univ.*, 2012 WL 3779389, at *3, No. 3:11-cv-00270-HTW-LRA (S.D. Miss. Aug. 29, 2012) (stating that pro se plaintiff is "not granted any special dispensations, rights, or privileges beyond those normally granted to parties represented by counsel"). While relevant exhibits may be attached to the Complaint and other properly filed pleadings, documents may not be submitted to the Court in this manner.

---

[7] On that same date, Morgan properly filed a Response [46] to Defendants' Motion to Dismiss.

11

Finally, on January 12, 2021, Defendants filed a Motion [54] to Strike Plaintiff's Response [52] in Opposition to Defendants' Motion [38] to Dismiss. The Court finds that Defendants' Motion to Strike is well taken and should be granted. Plaintiff's Response is essentially a sur-reply and is not allowed by the Local Rules of Civil Procedure without leave of the Court. *See* L. U. CIV. R. 7(b) (allowing for "motion, response, rebuttal, and supporting exhibits").

## CONCLUSION

The Court finds that Plaintiff's Motion [32] to Amend is granted to the extent that she is allowed thirty days to file an Amended Complaint naming the proper party defendant, the Secretary of the Department of Veterans Affairs.[8] Additionally, the Plaintiff may amend her Complaint to clearly state her claim under the Rehabilitation Act.

The Plaintiff must effect service pursuant to the Federal Rules of Civil Procedure. Service of process should be completed within ninety (90) days of filing the Amended Complaint, and Plaintiff's failure to do so may result in dismissal of this claim.

The Court further finds that Defendants' Motion [38] to Dismiss is granted to the extent that the individual defendants are dismissed as they are not amenable to suit under the Rehabilitation Act. *See Hay*, 470 F. App'x at 417 n.19 (upholding district court's dismissal of Rehabilitation Act claims against defendants in their individual capacities). However, the Motion to Dismiss is denied without prejudice as to Defendants' relation back and service of process arguments.

---

[8] Since the filing of this lawsuit, Denis McDonough has replaced Robert Wilkie as the Secretary of Veterans Affairs.

12

The case will remain open to allow Plaintiff time to amend her Complaint, in accordance with the Court's order.  Additionally, the Plaintiff's claims fall under the Rehabilitation Act, and to the extent that the Plaintiff seeks to make claims under the ADA, these claims are dismissed.

IT IS THEREFORE, ORDERED AND ADJUDGED, that the Motion [32] to Amend is GRANTED.  Plaintiff shall have thirty days to file her Amended Complaint, substituting the Secretary of the Department of Veterans Affairs as the proper defendant and asserting any additional allegations in conformance with this opinion.

IT IF FURTHER ORDERED that the Motion [38] to Dismiss is granted in part and denied in part.  The claims against the individual defendants are dismissed, but the case remains active in light of the Court's ruling on the Motion to Amend.

IT IS FURTHER ORDERED that the Motion [43] to Submit Documents into Evidence and the Motion [45] to Enter Facts are DENIED without prejudice as they are not properly before the Court and were not filed in accordance with the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Motion [54] to Strike Response [52] is GRANTED as the Response [52] is not allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

SO ORDERED AND ADJUDGED this the 29th of September, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE